UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| MARTHA KAY FARMER, ) | |
| ) | |
|     Plaintiff, ) | |
| v. ) | Civil Case No. |
| ) | 6:12-cv-65-JMH |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM OPINION & ORDER** |
| SECURITY, ) | |
| ) | |
|     Defendant. ) | |

\*\*\*

This matter is before the Court upon cross-motions for summary judgment on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. [Tr. 56–59].[1]  The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

**I.   OVERVIEW OF THE PROCESS AND THE INSTANT MATTER**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1.   An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 motions for summary judgment.  Rather, it is a procedural device by which the parties bring the administrative record before the Court.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the instant matter, the ALJ determined under steps one and two of the analysis that Plaintiff had been insured during the relevant time period and had not engaged in

substantial gainful activity since the alleged onset date of Plaintiff's disability. (Tr. 11). Next, under step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, hypertension, atypical chest pain, chronic headache, depressive disorder, and pain disorder. (Tr. 11). After deciding that Plaintiff's impairments did not equal a listed impairment under step three, the ALJ proceeded to step four and determined that Plaintiff had a residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Tr. 13).

Although the ALJ found that Plaintiff could not perform her past relevant work with this residual functional capacity, he determined with the assistance of a vocational expert that other work existed in significant numbers nationally and across the state that Plaintiff could perform in her condition. (Tr. 17—18; 45—47). Thus, the ALJ determined that Plaintiff is not disabled under the Social Security Act. (Tr. 18).

In this appeal, Plaintiff argues that the Commissioner's decision is not supported by substantial evidence of record. Specifically, Plaintiff contends that the ALJ failed to take into account the opinion of the consultative psychological examiner, Dr. Jeanne Bennett,

3

who opined that Plaintiff suffered from marked limitations in her ability to tolerate work-related stress. Plaintiff points out that, according to the vocational expert, if an individual with Plaintiff's physical limitations *also* suffers from marked limitations in the ability to tolerate work-related stress, then there would not be any available work in the national economy for that person. Plaintiff thus argues that the ALJ inappropriately ignored both Dr. Bennett's opinion and this specific portion of the vocational expert's testimony. The Court has considered arguments by Plaintiff and the Commissioner, as well as the administrative record, and, for the reasons stated below, affirms the Commissioner's decision.

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v.*

4

*Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**III. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is currently forty-eight years old with a high school education. (Tr. 132). She has past work experience as a grill cook, cashier, secretary, launderer, and a laborer. (Tr. 187—94). Plaintiff filed for disability under Title II on June 25, 2009, alleging disability beginning on September 27, 2009. (Tr. 132). The claim was denied both initially and upon reconsideration. (Tr. 56—59; 62—67). Plaintiff requested a hearing with the ALJ, which took place on February 9, 2011. (Tr. 9). The ALJ issued an unfavorable decision denying disability on March 7, 2012. (Tr. 18).

The ALJ considered Plaintiff's claim in accordance with the five-step sequential evaluation process. (Tr. 9—18). At step three, the ALJ found that Plaintiff had six severe medical impairments, namely degenerative disc disease of the lumbar spine, hypertension, atypical chest pain, chronic headache, depressive disorder and pain disorder. (Tr. 11). After considering Plaintiff's

5

allegations of pain, subjective reports of symptoms, her daily activities, the opinions of her treating physicians, and the opinions of the state consultative examiners, the ALJ determined that while Plaintiff was capable of light work, she was not capable of returning to any of her past jobs. (Tr. 16–17).

To determine if there were any jobs in the national economy for someone with Plaintiff's impairments, the ALJ sought the assistance of a neutral vocational expert. (Tr. 43–48). The ALJ posed two hypothetical questions to the vocational expert relevant to this appeal. First, the ALJ asked the expert whether a hypothetical person with Plaintiff's physical limitations and prior work experience who was "limited to simple and repetitive tasks," who could "have no more than occasional contact with the public," and who requires a "low stress work environment with no significant production quotas" could perform jobs in the national economy. (Tr. 45). After the vocational expert indicated that such jobs do exist in areas like packaging and sorting, the ALJ modified the hypothetical by asking whether these jobs could be performed by someone with "marked limitations in the ability to tolerate work stress." (Tr. 46–47). Here, the vocational expert

6

indicated that no such jobs would exist for the hypothetical individual. (Tr. 47).

Because the ALJ rejected the medical opinion that Plaintiff had marked limitations in the ability to tolerate work-related stress, the ALJ concluded that there were jobs available for the Plaintiff in the national economy utilizing the vocational expert's answer to the first hypothetical. (Tr. 16). Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (Tr. 18).

**IV. Analysis**

Plaintiff first argues that the ALJ did not give appropriate deference to Dr. Bennett's opinion. This Court finds that Plaintiff's first contention is unwarranted.

Under the "treating physician" rule, an ALJ is required to give the most deference to treating physicians when deciding whether an individual is disabled. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529–30 (6th Cir. 1997) ("Opinions of treating physicians are generally accorded greater weight in disability benefits cases than those of physicians who examine claimants only once."). Further, an ALJ is also expected to generally allot more weight to the opinion of an examining medical consultant

7

than a non-examining medical consultant. 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.").

However, regardless of whether a physician is the plaintiff's treating physician, examines the plaintiff once, or is purely consultative, an ALJ must evaluate all medical opinions and examine several factors when deciding what weight to accord the opinion. § 404.1527(c)(2) ("Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion."). The factors that an ALJ should consider include: (1) the examining relationship; (2) the treatment relationship, including the length and frequency of the examination(s) and the nature and extent of the relationship; (3) whether objective medical evidence is available to support a medical opinion; (4) the consistency of the opinion with the record as a whole; and (5) whether the physician is giving an opinion within his area of expertise. § 404.1527(c)(1)-(5).

In this case, Dr. Bennett was a consultative examining psychologist who examined Plaintiff one time on March 20, 2010. (Tr. 482). During that examination, she determined that Plaintiff's

> ability to tolerate stress and pressure of day-to-day employment is affected by the impairment with *marked limitations noted*, based on her current presentation. She appeared to be suffering pain even though she rated it as fairly moderate.

(Tr. 486-87) (emphasis added). The ALJ explicitly acknowledged Dr. Bennett's opinion but concluded that her opinion was not credible, noting the following:

> Despite the absence of any psychological treatment notes as well as the absence of any psychotropic medications even from her primary care physician, the claimant has been given significant benefit of the doubt regarding her mental impairments. However, the finding of the psychological Consultative Examiner that the claimant would have "marked" limitations in the ability to tolerate stress and pressure of day-to-day work activities is not accepted as there are no treating medical records to support the severity of the finding at all. Furthermore, there are no treating physician limitations.

(Tr. 16).

Despite Plaintiff's arguments otherwise, substantial evidence supports the ALJ's decision to disregard Dr. Bennett's opinion in this passage. The ALJ is entirely correct that the objective medical evidence in the administrative record, which is primarily derived from Plaintiff's extensive treatment notes from her treating

9

physicians, barely mentions any psychological problems and never mentions an inability to handle stress. Indeed, while Plaintiff's treating physicians often generally noted that she had "anxiety" during their assessments, there are no detailed treatment notes on this condition. (Tr. 276, 292, 338). Further, Dr. Bennett herself does not provide any extensive notes about why she believed such a conclusion was appropriate. (Tr. 482—87). Quite simply, this lack of medical evidence, particularly from the treating physicians who saw Plaintiff several times as opposed to Dr. Bennett's single visit with Plaintiff, is indicative of the overreach of Dr. Bennett's opinion.

Further, because a treating physician's opinion is accorded greater weight than the opinion of a one-time consultative examiner so long as the treating physician's opinion is supported by the record, it was entirely within the ALJ's discretion to credit the treating physicians' treatment notes over Dr. Bennett's barebones conclusion. *See Rutherford v. Comm'r of Soc. Sec.*, 67 Fed. App'x 333, 334 (6th Cir. 2003) (it was within the ALJ's discretion and supported by the record to give the opinion of the treating physician more weight than that of the consultative psychological examiner and conclude therefor that the

plaintiff's ability to handle stress was only mildly to moderately impaired).

A conclusion that Dr. Bennett's opinion was appropriately discounted is supported by Sixth Circuit case law, which has long maintained that ALJ's are free to discredit conclusory statements by a physician if the opinion is inconsistent with the case record. *See, e.g.*, *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391—92 (6th Cir. 2004) (finding that the ALJ properly rejected portions of a physician's opinion because it was inconsistent with other evidence in the record); *Turner v. Comm'r of Soc. Sec.*, 267 Fed. App'x. 456, 460—61 (6th Cir. 2008) (concluding in a very similar factual scenario that the ALJ did not err in disregarding the physicians' opinions); *Martin v. Comm'r of Soc. Sec.*, 170 Fed. App'x. 369, 372—73 (6th Cir. 2006) (finding no error in the ALJ's failure to defer to the physician's opinion because it was contradicted by other physicians and the information in the claimant's medical records).

Plaintiff also argues that the ALJ ignored the second hypothetical in the vocational expert's testimony in which he opined that an individual with Plaintiff's physical limitations in addition to marked limitations in the ability to tolerate work-related stress

11

would be incapable of working. (Tr. 11, 45—47). However, because the ALJ appropriately disregarded Dr. Bennett's opinion, it naturally follows that he also appropriately disregarded the vocational expert's second hypothetical that included the rejected limitation. This conclusion is supported by *Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001), in which the Sixth Circuit held that an ALJ was not even required to incorporate a limitation into his hypotheticals to the vocational expert if the ALJ determined that the limitation was unsupported by medical evidence in the record. *Id.* at 356—57. If it is not error to completely omit the unsupported limitation, it is certainly not error for the ALJ to ask the question but justifiably disregard it later.

In conclusion, the objective evidence in this case did not establish that Plaintiff is disabled within the meaning of the Social Security Act, and substantial evidence supports the ALJ's decision.

**IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 11] is **GRANTED.**

This the 2nd day of November, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge